[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 24, 2009
THOMAS K. KAHN
CLERK

No. 09-12271
Non-Argument Calendar

_____

D. C. Docket No. 09-60289-CV-JIC

JAQUELINE RIGAUD,

Plaintiff-Appellant,

versus

BROWARD GENERAL MEDICAL CENTER and
NORTH BROWARD HOSPITAL DISTRICT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 24, 2009)

Before TJOFLAT, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

Jacqueline Rigaud, proceeding pro se, appeals the district court's sua sponte dismissal of her lawsuit. She commenced the action by filing a self-styled pro se "notice of . . . removal," accompanied by a number of documents and state court records. In dismissing her case, the district court liberally construed her filings as an independent action, in part.

According to Rigaud's brief on appeal, the notice of removal and the attached documents and state court records, Rigaud apparently suffered an injury during the course of her employment and sought workers' compensation benefits. Either before or during the workers' compensation proceeding (Rigaud I), a settlement was reached which resulted in dismissal of her claim. Rigaud later sought to reinstate or reopen her claim for benefits, but an administrative law judge dismissed that effort for lack of jurisdiction because her worker's compensation claim had already been settled. Rigaud's initial efforts to overturn this in state court were unsuccessful, and ultimately, the Florida Supreme Court denied relief, struck one of Rigaud's submissions as unauthorized, explained that her case was final, and warned her that it would not respond to any further pleadings. See Rigaud v. Broward General Medical Center, 1 So.3d 173 (Fla. 2008)(table). Rigaud responded by filing the present "notice of . . . removal" in the district court.

In her "notice of . . . removal," Rigaud argued that, when state court judges summarily denied relief in Rigaud I, they violated her rights under 42 U.S.C. § 1983 and the Fourteenth Amendment. The district court dismissed the "notice" or action sua sponte after finding that: (a) there was no viable cause of action giving rise to federal question jurisdiction because the Florida judges were entitled to absolute judicial immunity while acting in their judicial capacity; and (b) there was no viable claim supporting removal, because: (i) Rigaud, as a plaintiff, could not remove her own action; and (ii) there was no longer an active state court action to be removed. Additionally, the district court found that, to the extent Rigaud was attempting to appeal one or more adverse state court rulings, she could not do so under the Rooker-Feldman doctrine.[1] The district court was required to dismiss Rigaud's action for each of these reasons. We therefore affirm its judgment.

AFFIRMED.

---

[1] District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82, 103 S.Ct. 1303, 1311-15, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923).