[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 03, 2010
JOHN LEY
CLERK

No. 10-13438
Non-Argument Calendar
_____

D.C. Docket No. 0:09-cv-60289-JIC

JACQUELINE RIGAUD,

Plaintiff-Appellant,

versus

BROWARD GENERAL MEDICAL CENTER,
NORTH BROWARD HOSPITAL DISTRICT,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(December 3, 2010)

Before TJOFLAT, HULL and MARTIN, Circuit Judges.

PER CURIAM:

The controversy underlying this appeal stems from a workers' compensation

proceeding in Florida. Appellant was the claimant. She settled her claim and

thereafter attempted to set aside the settlement. She was unsuccessful at the administrative level, appealed to the Florida First District Court of Appeal, which dismissed her appeal, and then petitioned the Florida Supreme Court for a writ of mandamus. The supreme court denied her petition and her motion for reconsideration. She thereafter removed the case from the supreme court to the district court. Her notice of removal alleged that the judges of the district court of appeal denied her due process of law.

The district court dismissed appellant's case *sua sponte* on two grounds. (1) She was seeking review of the Florida Supreme Court's disposition of her case, and the Rooker-Feldman Doctrine precluded the district court from conducting such review. Final Order of Dismissal at 2-3. (2) The District Court of Appeal judges were entitled to judicial immunity. Id. at 3-4. Appellant appealed to this court, and we affirmed. Rigaud v. Broward General Medical Center et. al., No. 09-12271 (September 24, 2009) (not published).

Appellant then moved the district court to vacate its judgement pursuant to Federal Rule of Civil Procedure 60(d)(3) for fraud on the court. She alleged that the district court, Judge James I. Cohn, perpetrated the fraud. Judge Cohn denied her motion, and she now appeals his ruling. In her brief to this court, appellant contends that Judge Cohn should have not have ruled on her Rule 60(d)(3) motion

2

but, instead, should have recused—as the party who perpetuated the fraud, he was biased against her.

Appellant did not move Judge Cohn to recuse; rather, she raises the recusal issue for the first time on appeal. We therefore consider her recusal argument for plain error. We find no error here, much less plain error.

Bias can either be extrajudicial, or come from remarks in a judicial context that demonstrate a pervasive bias. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000); *Phillips v. Joint Legis. Comm. on Performance and Expenditure Review of the State of* Miss., 637 F.2d 1014, 1020 (5th Cir. 1981); *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983). Adverse rulings do not constitute pervasive bias. *Hamm*, 708 F.2d at 651. Judge Cohn made no remarks in a judicial context that demonstrated a pervasive bias, and his adverse ruling is immaterial. Appellant made no argument and presented no evidence, below or on appeal, that Judge Cohn was influenced by any extrajudicial bias. Instead, her arguments regarding bias stem from his prior rulings in this case. Judge Cohn's prior involvement in ordering the dismissal of appellant's notice of removal did not require his disqualification from appellant's motion to vacate. *Phillips*, 637 F.2d at 1020.

AFFIRMED.